THOMPSON (PERRINE v.). See Case No. 10,997.

## Case No. 13,973.

THOMPSON v. The PHILADELPHIA.

[1 Pet. Adm. 210.] [1]

District Court, D. Pennsylvania. 1805.

SEAMAN — WAGES — FAILURE TO REPORT AT TIME APPOINTED IN ARTICLES—INDULGENCE BY MASTER—UNLADING—WITNESS.

1. Wages withheld by the owner of the ship in consequence of the mariner not having rendered himself on board at the hour appointed in the articles.

2. Wages decreed, on proof of special indulgence to the mariner.

3. Time given beyond 15 days, on special circumstances, for unlading.
[Cited in The Martha, Case No. 9,144; The Mary, Id. 9.191.]

4. Where seamen may be admitted witnesses for each other; and where not.

A sum of money, said to be due to a seaman for wages, was withheld as a penalty for not rendering himself on board, agreeably to act of congress, at the hour appointed. A seaman, one of the crew, who was involved with the present complainant, in a controversy with the owners, by an entry in the logbook, for neglect to render himself on board, was offered as a witness by the complainant's counsel. The entry in the log-book was insisted on by the owner of the ship, as incontrovertible evidence.

PETERS, District Judge. At first I thought the witness should be rejected, as one concerned in interest on the same points, agreeably to the law, as laid down in Strange and other books of authority. But as it is stated, that special circumstances attend the case of the complainant, distinguishing it from that of others, I admit the witness. As to the

1 [Reported by Richard Peters, Jr., Esq.]

entry in the log-book, it is only prima facie evidence. The witness proving an indulgence given to the seaman by the captain, beyond the hour set down on the articles, wages in full decreed to be paid. In this case, although the ship had ended her voyage more than fifteen days, yet it having been alleged and not denied, that due diligence had been used, but the vessel could not be unloaded, I give further time for payment.

On the point of admitting seamen to be witnesses for each other, it is settled here, that one seaman cannot be a witness for another, if the witness and the party have a common interest in the point in contest. If the question be the loss of the ship—embezzlement equally affecting the whole crew—negligence, misfeazance, or malfeazance, to which all must contribute in damages, one of the crew cannot be admitted a witness for another. But where special circumstances distinguish cases—where one having made a similar contract with the other, the breach or performance whereof may happen without affecting the other—where special indulgences are given to one, though not to the rest, a seaman may be a witness for another. Where seamen are involved in similar breaches of contract, though the agreement of each is separate and independent, I hear them with caution. But this affects credit. not competency.